UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GREGORY LOWRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:13 CV 145 JMB |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Attorney's Motion for an Award of Attorney Fees Under to 42 U.S.C. § 406(b). (ECF No. 28) Defendant has filed a Response to Plaintiff's Motion. (ECF No. 29) In his motion, Plaintiff seeks $25,145.95 in fees, for services performed on behalf of Plaintiff. Defendant has no objection to the total fee award in this case.

On March 13, 2015, the Court reversed and remanded this case to the Commissioner for further proceedings consistent with the Memorandum and Ordered entered the same date.[1] (ECF Nos. 21 and 22) Thereafter, the Court awarded Plaintiff's attorney's fees in the amount of $4,361.25 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. On remand, an ALJ found Plaintiff disabled and awarded benefits on February 29, 2016. In connection with the pursuit of benefits, Plaintiff signed a fee agreement with counsel which provides for an award of attorney's fees in the amount of 25% of past due benefits awarded. In accordance with the fee agreement, the Social Security Administration withheld $25,145.95 from Plaintiff's award, which represents 25% of the past due benefits. Plaintiff now requests the Court award this amount

---

[1] This case was reassigned to the undersigned judge after Judge Terry Adelman's retirement.

under the terms of the fee agreement, and upon receipt, counsel will remit the previously awarded fee directly to Plaintiff.

Under § 406(b) of the Social Security Act,

> Whenever a court renders a judgment favorable to a claimant ... who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

Section 406(b) "does not displace contingent fee agreements, as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). Fees awarded pursuant to § 406(b) are paid out of the claimant's past due benefits. Id. at 795. "Because benefits amounts figuring in the fee calculation are limited to those past due, attorneys may not gain additional fees based on the claimant's continuing entitlement to benefits." Id. "[T]he attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 807. Courts must first examine the contingency fee arrangement, next test the agreement for reasonableness, and then appropriately reduce it, if necessary, based on the character of the representation and the results achieved. Id. at 808. Reductions are required if the attorney was responsible for delay or the benefits are large in comparison to the amount of time counsel spent of the case. Id.

Plaintiff has requested fees in the amount of $25,145.95 under § 406(b). In support of the motion, Plaintiff submitted the award of benefits letter from the Social Security Administration, the ALJ's favorable decision, the fee agreement, an itemized invoice for legal services, and the

Missouri Economic Survey. Defendant does not object to the amount requested and agrees that the proposed fee should be awarded. After independently reviewing the record in this case, the undersigned finds that the § 406(b) fee request is reasonable and that no reduction in the amount is warranted. Therefore, the Court will award Plaintiff's counsel attorney's fees under § 406(b) in the amount of $25,145.95, representing 25% of Plaintiff's past due benefits. Plaintiff's counsel has acknowledged the obligation to refund the amount of the smaller EAJA fee in the amount of $4,361,25 to Plaintiff.[2] Gisbrecht, 535 U.S. at 796.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Attorney's Motion for an Award of Attorney Fees Under to 42 U.S.C. § 406(b) (ECF No. 28) is GRANTED. Defendant shall remit to the Law Offices of Daniel Parmele, 1505 E. Bradford Parkway, Springfield, Mo. 65804, attorney's fees in the amount of $25,145.95.

Dated this  9th   day of September, 2016.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

---

[2]The undersigned expects counsel to comply with this obligation, but the Court will not order it as this Court has previously held that there is no obligation for the Court to take any action with respect to the refund. Ciecalone v. Colvin, 4:13 cv 28 NAB, 2014 WL 1375557, at *4 (E.D. Mo. April 8, 2014) (noting that obligation to refund smaller fee is attorney's obligation and statute does not indicate that court should take action with respect to a refund).